IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PATRICK HAGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:26-cv-04013-MDH |
| | ) |
| ALLSTATE VEHICLE AND PROPERTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") Motion to Dismiss for Improper Venue or Alternative Motion to Transfer Venue. (Doc. 10). Defendant filed Suggestions in Support (Doc. 11), Plaintiff filed Suggestions in Opposition (Doc. 12) and Defendant has filed a reply. (Doc. 13). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant's Motion to Dismiss for Improper Venue is **DENIED** and Defendant's Alternative Motion to Transfer Venue is **GRANTED**.

## BACKGROUND

This case arises out of an insurance dispute regarding the total cost of damages resulting from a hail and windstorm to property located at 1 Arundel Place, St. Louis, Missouri, 63105 (the "Property"). Plaintiff Patrick Hagin is the owner of the Property. Defendant Allstate Vehicle and Property Insurance Company is a foreign corporate insurance company, with its principal place of business in Northbrook, Illinois.

Prior to May 16, 2025, Defendant issued to Plaintiff a Homeowner's policy, policy number 885285548 (the "Policy). The Policy covers the Property and insures against all risk of physical

1

loss to the dwelling unless specifically excluded. On or about May 16, 2025, the Property suffered damage from a severe hail and windstorm (the "Loss"). Plaintiff subsequently notified Defendant of the loss and submitted a claim for damages to Defendant. On August 11, 2025, at the direction of Defendant, NV5 Consultants' engineer inspected the Property and issued a report dated August 20, 2025, which found damage to the tile roof covering, including shattered, fractured, and/or displaced titles. On September 3, 2025, Defendant's revised estimate of covered damages for the Loss totaled $23, 646.42 in Replacement Cost Value ("RCV") and $21,992.87 for Actual Cost Value ("ACV").

Plaintiff retained Combined Loss Consulting to prepare a loss assessment and estimate that were caused by the Loss. On November 4, 2025, Combined Loss Consulting estimated that the Property suffered direct physical loss and identified the estimated costs to restore the Property to its pre-loss condition at $484,615.02 RCV. Plaintiff submitted to Defendant on November 7, 2025, the Combined Loss Consulting estimate, which Defendant rejected. On November 21, 2025, the NV5 engineer reinspected the Property and issued a supplemental report dated December 3, 2025, which determined that the recommended roof replacement from Combined Loss Consultants was excessive and that the conceptual repair recommendations provided in the original NV5 report could be performed.

While Plaintiff was negotiating with Defendant regarding payment, Plaintiff obtained a quote from Smart Tarp in an effort to protect his home from further damages, which Smart Tarp quoted Plaintiff an amount of $24,972.00. On December 4, 2025, Plaintiff notified Defendant of the Smart Tarp quote to which Plaintiff alleges that Defendant was unable to accept the tarp estimate as their provision is only up to $5,000 for temporary repairs to protect covered property

from further imminent loss following a covered event. Plaintiff entered into a contract for mitigation with Smart Tarp without the assistance from Defendant.

On December 9, 2025, Defendant revised the estimate of covered damages for the loss totaling $25,076.98 RCV and $23,423.43 ACV and denied Plaintiff's demand for payment. On December 12, 2025, Plaintiff filed his Complaint in the Circuit Court of Cole County, Missouri alleging two counts: Count I - Breach of Contract and Count II - Vexatious Refusal to Pay in Violation of Rev. Mo. Stat. §§ 375.296 and 375.420. On January 16, 2026, Defendant removed the case to this Court and on January 23, 2026, filed its current motion.

**STANDARD**

**I.     Motion to Dismiss for Improper Venue**

Federal Rule of Civil Procedure 12(b)(3) authorizes the dismissal of a complaint for "improper venue." Venue of removed cases is governed by 28 U.S.C. § 1441(a), and the general venue statute, 28 U.S.C. § 1391, has no application. *See Polizzi v. Cowles Magazines, Inc.,* 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953) ("[O]n the question of venue, § 1391 has no application to this case because this is a removed action. The venue of removed actions is governed by [§]1441(a) ...."); *accord Lyngholm v. FedEx Ground Package Sys., Inc.,* 827 F.Supp.2d 912, 916 (S.D.Iowa 2011).

**II.    Motion to Transfer Venue**

Section 1404(a) governs the ability of a federal district court to transfer a case to another district. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). There is no "exhaustive list of

3

specific factors to consider in making the transfer decision, but district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Such case-specific factors include (1) the convenience to the parties and the witnesses, (2) the interests of justice, and (3) judicial economy. *Id*. at 913–16. "In general, federal courts give considerable deference to a plaintiff's choice of forum." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). "[T]he party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.*

## ANALYSIS

### I.  Motion to Dismiss for Improper Venue

Defendant argues that venue is not proper in the Western District of Missouri. In support, Defendant asserts that it is not a citizen of Missouri, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the city of St. Louis, Missouri; the Property is in the city of St. Louis, Missouri; the alleged loss at issue occurred in the city of St. Louis, Missouri; and that venue would be proper in the Eastern District of Missouri. Plaintiff argues that 28 U.S.C. § 1441, rather than 28 U.S.C. § 1391, governs this action. Plaintiff further argues that Defendant maintains a registered agent in Cole County, Missouri and thus is deemed to be a resident of Cole Country, Missouri under Missouri law. Lastly, Plaintiff argues that by removing this case from the Circuit Court of Cole County, Missouri to the Western District of Missouri without challenging the propriety of Plaintiff's choice of venue, Defendant has waived any objection to venue in this district. The Court will take each argument in turn.

####    A.    28 U.S.C. § 1441

It is well established that the general venue provision in § 1391(b) does not apply to cases that were removed from state court; instead, venue in such cases is governed by 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Mags., Inc.*, 345 U.S. 663, 665 (1953) (stating that "on the question of venue, § 1391 has no application to this case because this is a removed action" and that "[t]he venue of removed actions is governed by ...28 U.S.C.A. § 1441(a)"); *St. Clair v. Spigarelli*, 348 F. App'x 190, 192 (8th Cir. 2009) (per curiam); *Busch*, 574 F. Supp. 3d at 679-80 (W.D. Mo. 2021) ("As a removal action, 28 U.S.C. § 1441(a) establishes the proper venue, not § 1391(b)."); *Schuler v. SunOpta Food Group LLC*, Civil No. 3:07-cv-101, 2008 WL 4416447, at *2 (D.N.D. Sept. 24, 2008) ("[T]he United States Supreme Court has clearly stated that the general venue provisions of 28 U.S.C. § 1391 have no application to a removed action.") (citing *Polizzi*, 345 U.S. 665).

Applying § 1441(a) to this case, the Court finds that venue is proper. Section 1441(a) provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

This case was originally filed in the Circuit Court of Cole County, Missouri. The district court of the United States that embraces Cole County, Missouri is this Court, and the appropriate division is the Central Division. Thus, venue properly lies in this Court, and the Court cannot dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons stated, Defendant's Motion to Dismiss for Improper Venue is **DENIED**.

### B. Other Arguments

The Court having found that venue is proper within the United States District Court for the Western District of Missouri will decline to analyze Plaintiff's other arguments regarding venue.

### II. Motion to Transfer Venue

### A. Convenience of the Parties and Witnesses

The Court will first evaluate whether the convenience of the parties and witnesses factor warrant transferring this case to the Eastern District of Missouri. This inquiry considers sub-factors that include "'(1) the convenience of the parties, (2) the convenience of the witnesses…, (3) the accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.'" *In re Eyewear Antitrust Litig.*, No. 23-cv-3065 (KMM/JFD), 2024 WL 2956631, at *5 (D. Minn. June 12, 2024) (quoting *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997)). The Court will evaluate each of these subfactors below.

#### i. The Convenience of the Parties

In evaluating the convenience of the parties, courts may consider the location of the two courthouses and the travel expense that the parties "would likely incur…for airfare, meals and lodging, and losses in productivity form time spent away from work." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010).

Defendant argues that the only connection or relationship to the Western District of Missouri is the location of Plaintiff's counsel, whose office is located in Kansas City, Missouri. Defendant argues that convenience of the attorneys is a fairly insignificant factor in the determination of the propriety of transfer to another district or division. Defendant argues that given that Plaintiff resides in the Eastern District of Missouri, it is clear that the Eastern District of Missouri is the most convenient venue for the parties. Plaintiff argues that the convenience of the parties' factor does not support transfer in this case. Plaintiff asserts that Defendant is a national insurance company with substantial resources to litigate in either district. Plaintiff further argues

6

that Defendant has not demonstrated any undue hardship that would result from litigating this matter in the Western District of Missouri.

The Court finds that the convenience of the parties subfactor weights in favor of transfer to the Eastern District of Missouri. Plaintiff is the owner of the Property located in St. Louis, Missouri. Plaintiff resides within the Eastern District of Missouri and Defendant's principal place of business is in Northbrook, Illinois. No party to this litigation is a resident of the Western District of Missouri. Further, when looking at the locations of both Plaintiff and Defendant in relation to the Courthouse in Springfield, Missouri to that of the Courthouse for the Eastern District of Missouri in St. Louis, Missouri, the convenience of the parties clearly weighs in favor of the Eastern District of Missouri. For this reason, the Court finds this subfactor factor weighs in favor of transfer to the Eastern District of Missouri.

### ii. The Convenience of the Witnesses

"The convenience of the witnesses is an important factor for the court since it determines the relative ease of access to sources of proof." *Oien v. Thompson*, 824 F. Supp. 2d 898, 904 (D. Minn. 2010) (quoting *Graff v. Qwest Commc'ns Corp.,* 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)). However, "[w]hen looking at the convenience of witnesses, courts distinguish between party witnesses and non-party witnesses [because] [c]ourts generally assume that witnesses who are within a party's control, such as employees, will appear voluntarily, even in a distant forum. *In re Eyewear*, 2024 WL 2956631, at *7 (citing *Bae Sys.*, 124 F. Supp. 3d 878 at 885) and *Klatte v. Buckman, Buckman & Reid, Inc.*, 995 F. Supp. 2d 951, 955 (D. Minn. 2014)).

Defendant argues that the most convenient forum for the witnesses is the Eastern District of Missouri. Defendant asserts this case arises out of an insurance claim involving alleged loss and damage to Plaintiff's residence, which is situated in St. Louis County, Missouri. Further,

7

Defendant argues that the potential witnesses include Plaintiff, Plaintiff's neighbors, and Plaintiff's original contractor(s). Defendant asserts that none of these possible witnesses are located in the Western District of Missouri and therefore the convenience of witnesses and fairness strongly favors transfer to the Eastern District of Missouri.

Plaintiff argues that the convenience of the witnesses' favor does not support transfer in this case. Plaintiff argues that Defendant only references potential witnesses, such as neighbors, that they may seek identification of through discovery and that Defendant has not demonstrated that the witnesses would be significantly inconvenienced by litigation in the Western District of Missouri. Further, Plaintiff argues that many if not all of Defendant's employees or agents are likely to reside out of state and will have to travel for litigation or appear remotely. Plaintiff also asserts that in insurance disputes, like the current case, key witnesses often include adjusters, contractors, and experts who routinely travel as part of their professional duties and that these witnesses would not be unduly burdened by appearing in the Western District of Missouri.

The Court finds that the convenience of the witnesses subfactor weighs in favor of transfer to the Eastern District of Missouri. While no witnesses have yet to be declared in this action, it is readily apparent to the Court that those witnesses that will be called will be located primarily in or around the St. Louis area. As the Defendant has pointed out, the Plaintiff, Plaintiff's neighbors and Plaintiff's original contractors are all likely to be situated in St. Louis, Missouri. The same cannot be said for any potential witness within the Western District of Missouri. As such, the Court finds that for the convenience of the witnesses, this subfactor weighs if favor of transfer to the Eastern District of Missouri.

    **iii.    The Accessibility of Records and Documents**

Defendant argues this subfactor weigh in favor of transfer, since every potential witness works or lives in the city of St. Louis, Missouri. Further, Defendant argues that the property at issue is situated in St. Louis County, Missouri and is the best physical evidence or proof as to the alleged loss and damage and is the subject of this litigation. Plaintiff argues that Defendant is a foreign corporation and any discovery that it conducts will be from its corporate offices or principal place of business. Plaintiff argues that the Defendant has already inspected the subject property and provides no argument that it would not be able to conduct further inspections of the subject property because this case is litigated in the Western District of Missouri. Plaintiff further argues that documents can be easily shared electronically and depositions can be conducted remotely and thus this subfactor should not weigh in favor of transfer.

The Court finds this subfactor as neutral. Although records and documents may become relevant in the course of this litigation, there is nothing in the record that would indicate that these documents would need to be inspected in person or physically produced. The Court agrees with Plaintiff that documents and records can be easily shared electronically and that at this time this subfactor does not weigh in support or opposition of transfer to the Eastern District of Missouri. For the reasons stated, the Court finds this subfactor is neutral.

    **iv.**    **The Location Where the Conduct Complained of Occurred**

When weighing a discretionary transfer, courts emphasize the location where the conduct complaint of occurred. "It is generally appropriate to transfer an action to the district that is the locus of operative facts." *Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1108 (D. Minn. 2010) (citing *GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate & Fin. Servs., Inc.*, No. 02-cv-1224 (RHK/AJB), 2003 WL 1572007, at *2 (D. Minn. Mar. 13, 2003)); *see*

*also GMAC*, 2003 WL 1572007, at *2 ("[A] motion to transfer to the district in which the [operative] events occurred is likely to succeed.").

The parties agree that the Property, the damage to the property, and the assessment of damages were all completed in St. Louis, Missouri. As such, this subfactor weights in favor of transfer as the location where the conduct complained of occurred in St. Louis, Missouri which is in the United States District Court for the Eastern District of Missouri.

> v.  **The Applicability of Each Forum State's Substantive Law**

This case stems from an insurance policy that was entered into in the State of Missouri and which the laws of Missouri will govern the dispute at issue. As the Motion to Transfer asks this Court to transfer from the United States District Court for the Western District of Missouri to the Eastern District of Missouri, there would be no change in the state's substantive law in this matter. For this reason, the Court finds this subfactor is neutral.

Overall, when looking at the subfactors, the convenience of the parties, witnesses, and the location where the conduct complained of occurred all weigh in favor of transfer to the Eastern District of Missouri while the other two subfactors are neutral. Thus, when evaluating whether the convenience of the parties and witnesses factor weigh in favor of transfer to the Eastern District of Missouri, the Court finds it does. For this reason, the convenience of the parties and witnesses factor weigh in favor of transfer to the Eastern District of Missouri.

B.  **Interests of Justice**

Courts weight the interests of justice factor by considering subfactors that include judicial economy, the plaintiff's chosen forum, the cost to the parties of litigating in either forum, the ability to enforce a judgment, barriers to a fair trial, any issues with conflict of law, and advantages

of having local courts determine local law. *See Terra Int'l*, 119 F.3d at 696. The Court will evaluate each subfactor below.

### i. Judicial Economy

Defendant argues that the Eastern District of Missouri offers the best change of compelling the in-person attendance at trial for witnesses in this case and that access to evidence and compulsory process would be better served in the Eastern District of Missouri. Defendant argues that Federal Rule of Civil Procedure 45 places limits on the distance a subpoena requires a potential witness to travel for deposition or trial. Specifically, Defendant argues that Federal Rule of Civil Procedure 45(c)(3)(A) precludes subpoenas, without a Court order, that require witnesses to travel more than 100 miles for deposition or trial testimony. Thus, Defendant argues that the availability of the judicial process to compel the attendance of unwilling witnesses strongly favors transfer to the Eastern District of Missouri. Lastly, Defendant argues that discovery has not yet begun in this case and transferring this case will not delay or prejudice the Plaintiff. Plaintiff argues that this subfactor does not strongly favor transfer in this case and that transferring this case would only delay resolution and increase the costs for both parties.

The Court finds that judicial economy weighs in favor of transfer to the Eastern District of Missouri. No discovery has been made in this case and there would not be any meaningful delay should this case be transferred. Further, Defendant is correct regarding Federal Rule of Civil Procedure 45(c)(3)'s limitation regarding where a subpoena may commend a person to attend a trial, hearing, or deposition. Considering that there would be no delay with the proceedings and the limitations as defined in Federal Rule of Civil Procedure 45, the Court finds that this subfactor weighs in favor of transfer to the Eastern District of Missouri.

### ii. Plaintiff's Chosen Forum

11

Case 2:26-cv-04013-MDH     Document 15     Filed 03/03/26     Page 11 of 14

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). This general practice of according deference, however, is based on an assumption that the plaintiff's choice will be a convenient one. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

Defendant asserts that Plaintiff's choice of forum is entitled to less deference when the Plaintiff is not a resident of the selected forum, and when the underlying events giving rise to the action occurred outside the forum. Defendant argues that since the alleged actions underlying the claims at issue here occurred exclusively in St. Louis County, Missouri, the Court should accord no deference at all to Plaintiff's decision to bring suit in the Western District of Missouri. Plaintiff argues that his choice of forum deserves substantial deference. Plaintiff states that he originally chose to file this action in Cole County, Missouri, which is within the Western District of Missouri. Plaintiff argues that courts have consistently held that a plaintiff's choice of forum is entitled to significant weight in the venue analysis and thus should weigh against transfer in this case.

The Court finds that Plaintiff's chosen forum weighs against transfer in this case. As stated above, Plaintiff properly filed his Complaint within the Circuit Court of Cole County, Missouri. When Defendant removed this action to this Court, venue was proper pursuant to 28 U.S.C. § 1441. While the facts of this case clearly indicate that operative facts giving rise to this litigation occurred in St. Louis, the Court finds that Plaintiff is still entitled to deference on his chosen forum. For the reasons stated, the Court finds this subfactor weighs against transfer to the Eastern District of Missouri.

    iii.    **Cost to Parties**

The Defendant does not make an argument as to this subfactor. Plaintiff argues that transferring this case would only delay resolution and increase costs for both parties. The Court finds that the cost to the parties is minimal and that this subfactor is neutral. As discussed earlier, discovery has not started in this case, and little has been done up to this point that would affect the cost to the parties. Whether this case stays in the Western District of Missouri or is transferred to the Eastern District of Missouri there would be minimal cost to either party in this action. For that reason, the Court finds that this subfactor is neutral.

### iv.  Other Subfactors

Here, the parties do not make any arguments regarding the ability to enforce a judgment, barriers to a fair trial, issues with conflict of law, and advantages of having local courts determine local law. As this is a case regarding a dispute about the damages suffered to the Property and the cost associated with fixing those damages pursuant to an insurance policy, the Court finds that these other subfactors are not significant in this case and do not weigh in favor or against the transfer of this case to the Eastern District of Missouri.

Overall, when looking at the subfactors, judicial economy weighs in favor of transfer to the Eastern District of Missouri, Plaintiff's choice of forum weighs against transfer, and all other subfactors are neutral. Thus, when evaluating whether the interest of justice factor weighs in favor of transfer to the Eastern District of Missouri, the Court finds this factor is neutral. In sum, the Defendant has shown that this case would better served in the Eastern District of Missouri. Although Plaintiff's choice of forum is entitled weight, this analysis shows that this case will benefit the parties, witnesses and judicial economy in the Eastern District of Missouri where it could have been brought originally. For these reasons, the Court will grant Defendant's Motion to Transfer Venue to the Eastern District of Missouri.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss for Improper Venue is **DENIED**. Defendant's Alternative Motion to Transfer Venue is **GRANTED**. This case is hereby transferred to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED**.

DATED: March 3, 2026                          */s/ Douglas Harpool*
                                                             **DOUGLAS HARPOOL**
                                                             **UNITED STATES DISTRICT JUDGE**